UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVID OWVOR, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 03cv12445-GAO |
| ) | |
| INS DISTRICT DIRECTOR, ET AL. ) | |
| ) | |
| ) | |
| Respondent ) | |

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Respondent[1] moves to dismiss this case because petitioner's deportation proceedings have now been reopened administratively, by order of the Board of Immigration Appeals ("BIA") by decision dated December 8, 2003.  See Attachment A.

Accordingly, since the relief sought by petitioner has now been granted by respondent -- petitioner's deportation order has been vacated and his administrative case remanded to the Immigration Judge for new proceedings -- the case should be dismissed as moot.

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. The responsive successor official of the Department of Homeland Security in the instant action is Interim Field Office Director Bruce Chadbourne for the Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

ARGUMENT

I.  BECAUSE PETITIONER'S DEPORTATION CASE HAS NOW BEEN REOPENED THE INSTANT CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- vacation of petitioner's 1992 deportation order -- has now been effected by the BIA's administrative remand order dated December 8, 2003, there is no live case or controversy and accordingly the

2

petition should be dismissed as moot.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By: _____
                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    Department of Homeland Security
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114
                    (617) 565-2415

**ATTACHMENT A**

Jan-09-04  02:11pm  From-CHIEF COUNSEL BOSTON          6175654921        T-864  P.002/003  F-262

Case 1:03-cv-12445-GAO   Document 4   Filed 01/21/2004   Page 5 of 7

JAN-09-2004  14:23    APPELLATE COUNSEL                    703 756 3182    P.02



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

OWUOR, AVID CARMICHAEL
26 LONG POND ROAD
PLYMOUTH, MA 02360-0000

Office of the District Counsel/LO
606 S. Olive Street, 8th Floor
Los Angeles, CA 90014

Name: OWUOR, AVID CARMICHAEL                    A23-706-005

Date of this notice: 12/08/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    COLE, PATRICIA A.
    FILPPU, LAURI S.
    HESS, FRED



**U.S. Department of Justice**  
Executive Office for Immigration Review  

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A23 706 005 - Los Angeles           Date:   DEC 0 8 2003

In re: AVID CARMICHAEL OWUOR

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Pro se

ON BEHALF OF DHS:   Julia C. Chimarusti  
                    Assistant Chief Counsel

CHARGE:

   Order:   Sec.   241(a)(2)(C), I&N Act [8 U.S.C. § 1251(a)(2)(C)] -  
            Convicted of firearms violation

APPLICATION:   Reconsideration

ORDER:

   PER CURIAM. On March 12, 2003, the Immigration Judge denied the respondent's motion to rescind an in absentia order issued on March 5, 1992. The respondent filed an appeal, which the Board dismissed without opinion. The respondent has now filed a motion to reconsider. See 8 C.F.R. § 1003.2(b). Along with his motion, the respondent again directs the Board's attention to a hearing notice issued on December 27, 1991, announcing a hearing on January 14, 1992. The Immigration Judge denied the respondent's motion to rescind in large part based on the conclusion that, during a hearing on December 5, 1991, the respondent had been given oral notice of the final March 5, 1992, hearing. However, the notice issued on December 27, 1991, advised the respondent to disregard any prior notice, which would have included a hearing scheduled in court on December 5, 1991. The Immigration Judge did not mention the hearing notice issued on December 27, 1991, and we previously overlooked the notice. The record does not contain a notice scheduling the hearing held on March 5, 1992. As such, we are unable to conclude that the respondent was given the requisite notice of the hearing on March 5, 1992. Accordingly, the respondent's motion to reconsider is granted and the record is remanded for further proceedings.

FOR THE BOARD

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on January 21, 2004.

_____
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114